# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PAUL RAYMOND WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. VISTA, ET AL.,<br><br>　　　　　Defendants. | Case No.  1:21-cv-01661-NONE-SAB<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(ECF Nos. 5, 6) |

　　　　Plaintiff Prince Paul Raymond Williams, proceeding *pro se*, initiated this civil rights action on November 17, 2021. (ECF No. 1.) Plaintiff did not pay the filing fee in this action and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.) Due to the lack of information provided in the initial application, on November 18, 2021, the Court ordered Plaintiff to file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239. (ECF No. 3.) On November 24, 2021, Plaintiff filed a long form application. (ECF No. 4.) On November 29, 2021, the Court ordered Plaintiff to provide a supplemental declaration in support of the application, and Plaintiff filed such supplement on December 10, 2021. (ECF Nos. 5, 6.) In consideration of the information provided, the Court finds Plaintiff's application demonstrates entitlement to proceed without prepayment of fees.

　　　　"Notwithstanding any filing fee . . . the court shall dismiss a case if at any time if the

1  Court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on
2  which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune
3  from such relief." 28 U.S.C. § 1915(e)(2). "Section 1915(e) applies to all in forma pauperis
4  complaints, not just those filed by prisoners." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.
5  2000); see also Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) ("the provisions of 28 U.S.C. §
6  1915(e)(2)(B) are not limited to prisoners," and dismissal required of *in forma pauperis*
7  proceedings which seek monetary relief from immune defendants); Cato v. United States, 70
8  F.3d 1103, 1106 (9th Cir. 1995) (Section 1915 "authorizes a court to review a complaint that has
9  been filed *in forma pauperis,* without paying fees and costs, on its own initiative and to decide
10 whether the action has an arguable basis in law before permitting it to proceed.").[1]  The Court
11 shall exercise its discretion complaint in this action to determine if it "(i) is frivolous or
12 malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief
13 against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

14       Therefore, notwithstanding this order, the Court does not direct that summonses issue or
15 service be undertaken until the Court screens the complaint in due course and issues its screening
16 order. See Ross v. Padres LP, No. 17-CV-1676 JLS (JLB), 2018 WL 280026, at *2 (S.D. Cal.
17 Jan. 3, 2018) ("28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant
18 to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the
19 Marshal to effect service."); Rosiere v. United States, No. 217CV02468APGPAL, 2018 WL
20 7357399, at *1 (D. Nev. Sept. 10, 2018) ("Pursuant to § 1915(e), federal courts may screen any
21 IFP complaint—without regard to prisoner status—before allowing the case to move forward,
22 issuing summons, and requiring an answer or responsive pleading."), report and recommendation
23 adopted, No. 217CV02468APGPAL, 2019 WL 690351 (D. Nev. Feb. 19, 2019).  Defendants are
24 not required to file an answer or other pleading in response to Plaintiff's complaint until after the
25 Court has completed its *sua sponte* screening process to determine whether Plaintiff states any
26 cognizable claims.

---

27 [1] Cato, 70 F.3d at 1106, cited to the previous version of 18 U.S.C. § 1915(d), prior to amendment in 1996, which
   read in relevant part that the court "may dismiss the case . . . if satisfied that the action is frivolous or malicious." 18
28 U.S.C. § 1915(d) (1995).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* is GRANTED; and
2. No summons shall issue in this action until the Court issues its screening order pursuant to 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

Dated: **December 14, 2021**

UNITED STATES MAGISTRATE JUDGE

3