1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  PRINCE PAUL RAYMOND WILLIAMS, | Case No.  1:21-cv-01661-JLT-SAB |
| 12  Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN |
| 13  v. | AMENDED COMPLAINT |
| 14  J. VISTA, et al., | (ECF No. 1) |
| 15  Defendants. | THIRTY DAY DEADLINE |

16

17      Prince Paul Raymond Williams ("Plaintiff"), proceeding pro se and *in forma pauperis*,

18  filed this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is

19  Plaintiff's complaint, filed on November 17, 2021.  (ECF No. 1.)

20                                        **I.**

21                           **SCREENING REQUIREMENT**

22      Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court

23  determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which

24  relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from

25  such relief."  28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)

26  (section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners);

27  Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of in forma pauperis

28  proceedings which seek monetary relief from immune defendants); Cato v. United States, 70

1

F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss in forma pauperis complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim).  The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 556 U.S. at 678.  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).  Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff brings this action against Defendants J. Vista ("Vista"), Janet Ziadeh ("Ziadeh"), Ka Moua ("Moua"), Kari Gilbert ("Gilbert"), Kerly Keokominh ("Keokominh"), Lisa Sprauge

("Sprauge"), and Tiffany Brubeck ("Brubeck") (collectively "Defendants"), and proffers he is suing these Defendants for violations of his right to be free from deprivation of life, liberty, or property without due process and equal protection of the laws.   (Compl. 1-3,[1] ECF No. 1.) Plaintiff alleges both federal question jurisdiction, and diversity jurisdiction.   (Id. at 3-4.) Plaintiff submits the complaint under the First, Fourth, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments of the United States Constitution, as well as under 15 U.S.C. § 645, 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 245, 18 U.S.C. § 1001, 18 U.S.C. § 1035, 18 U.S.C. § 1341, 18 U.S.C. § 1346, 18 U.S.C. § 912, 18 U.S.C. § 1951, 18 U.S.C. § 1957, 18 U.S.C. § 1581, 18 U.S.C. § 1503, 18 U.S.C. § 1512, 31 U.S.C. § 3729, 19 U.S.C. § 1592, Civil Code § 1572, Penal Code § 529, 25 C.F.R. § 11.448, 31 U.S.C. § 3720D, 42 U.S.C. § 1994, 28 U.S.C. § 4101, 15 U.S.C. § 1692c, 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, 15 U.S.C. § 1692g, 15 U.S.C. § 1692h, 15 U.S.C. § 1692i, 15 U.S.C. § 1692j, 5 U.S.C. § 3331, 31 U.S.C. § 3720D, 42 U.S.C. § 1983, as well as bringing claims for intentional infliction of emotional distress, and negligence. (Id. at 1-2.)  Plaintiff brings a total of twenty-three (23) individual counts for relief.  (Id.)

Plaintiff alleges that "Defendants conspired with Plaintiff's former employers, to subject him to the unlawful practice of forcing him, as a condition of employment, to participate in and enforce a program requirement work-performance contract through wage garnishments in exchange for his labor, as a means of enrichment for the State Disbursement Unit, and repayment of two [2] separate alleged accounts of debt without affording due process and equal protection of the laws." (Id. at 3.)

Plaintiff worked for Aetna as a Health Concierge beginning approximately August 27, 2018.  (Compl. 5.)  On or about September 24, 2018, Plaintiff, through his work email, was provided two four-page documents entitled "INCOME WITHHOLDING FOR SUPPORT," dated September 1, 2018.  (Id.)  The first document stated the total amount to withhold from his paycheck was $413.00 per month, and the name of the Judge or issuing official was Defendant Brubeck.  The second document stated the total amount to withhold was $150.00 per month, and

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

had the name of the Judge or issuing official as J. Vista.  Plaintiff alleges his wages were garnished bi-weekly beginning in September of 2018, until his termination in November of 2019. (Id.)

Plaintiff alleges he was evicted on September 30, 2019, because he could not afford his living expenses as a result of the wages being withheld.  (Id.)  On October 7, 2019, Plaintiff provided a complaint to Aetna via email, wherein he described the harmful effects of the garnishment, and "harassment from his immediate supervisor."  (Id.)  On November 8, 2019, Plaintiff was terminated from his employment.  (Id.)

On January 30, 2020, Plaintiff issue a complaint to the Department of Child Support Services.  (Compl. 6.)  On January 21, 2020, the Department of Child Support Services Deputy Direct Sprague and Director Gilbert replied via mail, stating the allegations do not meet the requirement elements required to establish an investigation.  (Id.)

On January 4, 2021, Plaintiff began working for Southwest Traders.  On January 15, 2021, Plaintiff suffered a lower back injury from slipping on black ice while working.  On February 1, 2021, Plaintiff was provided via email with two additional wage withholding documents in the amounts of $413.00 and $30.00 per month, respectively, one containing the name of the Judge or issuing official as Defendant Moua, and the other with Defendant Ziadeh. (Id.)

Plaintiff received a letter dated February 2, 2021, addressed the Zurich American Insurance Company, stating the IWO requires a deduction of earnings.  (Compl. 7.)  Plaintiff states that on February 15, 2021, he received an email from Thomas Zhou, a claims examiner, stating a check would be mailed in the amount of $671.02, and he subsequently received a check in the amount of $479.30.  On March 4, 2021, Plaintiff sent a complaint to the Department of Child Support Services.  On March 9, 2021, Defendant Sprague replied via mail stating the relevant balances owed did not pertain to a loan, but to a court ordered obligation to pay child support.  On March 25, 2021, Plaintiff resigned due to physical and financial injuries.

On July 27, 2021, Plaintiff began working for Drakaina Logistics as an Amazon delivery partner.  Plaintiff received additional wage garnishment documents while in the presence of other

employees.  (Compl. 7-8.)  The documents contained the names of the Judge or issuing official as Defendants Keokominh and Ziadeh.  (Id.)  On September 7, 2021, Plaintiff provided Drakaina Logistics with notice of possible violations of law relating to the garnishments.  (Compl. 8.)  On September 10, 2021, Plaintiff's wages were garnished, and on the same date, Plaintiff informed Drakaina Logistics of a notice of intent to sue.  Plaintiff's wages were garnished again on September 24, 2021.

On October 5, 2021, Plaintiff provided Defendants Keokominh and Ziadeh with a notice demanding they cease and desist from seizing his property.  On October 8, 2021, Plaintiff's wages were again garnished.  On that date, Plaintiff was terminated as a result of inquiring about the possible violation of law and company policy.  (Compl. 9.)  On October 11, 2021, Plaintiff provided notice of his intent to sue Defendants Keokominh and Ziadeh.  On October 19, 2021, Plaintiff provided Defendants Burbeck and Vista with a notice to return property, and on October 25, 2021, notified them of his intent to sue.

Plaintiff alleges that Defendants' program requirement "is enforced by a local Child Support Enforcement [CSE] Agency, not a Court," that the program "does not contain a signature by a judge of competent jurisdiction," and that Defendants "are child support representatives impersonating a judicial officer with intent to defraud Plaintiff."  (Compl. 9.)

For the reasons discussed below, Plaintiff has failed to state a claim for a violation of his federal rights.  Plaintiff shall be provided the opportunity to file an amended complaint to correct the deficiencies at issue.

### III.

### DISCUSSION

After setting forth the specific factual allegations summarized above, Plaintiff then brings twenty-three (23) individual counts under the constitutional amendments, statutes and causes of action listed above.  These sections of the complaint essentially reproduce the text of the law verbatim, then generally state Defendants have violated these amendments or statutes by the actions describe above, by failing to rescind the contracts related to garnishment, and generally averring to violation of his rights of freedom of speech, right to petition the court, and rights to

due process and equal protection of the laws.  Given the format of Plaintiff's complaint and the fact that he brings twenty-three (23) individual counts, the Court will not address every constitutional amendment and statute that the Plaintiff cites to in his complaint, however, the Court will address the most significant aspects of the complaint's factual and legal allegations. For the reasons explained herein, Plaintiff has failed to state a cognizable claim for a violation of his federal rights in this action.

### A.    Rule 8

As set forth above, Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint must contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-77.

A court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose, confusing and conclusory."  Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981); Brosnahan v. Caliber Home Loans, Inc., 765 F. App'x 173, 174 (9th Cir. 2019).  Additionally, a court may dismiss a complaint for failure to comply with Rule 8(a) if it is "argumentative, prolix, replete with redundancy, and largely irrelevant."  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

The Court finds that Plaintiff's complaint violates Rule 8(a).  Plaintiff's complaint is not a short and plaint statement of his claims against the specific named Defendants, but rather his complaint's main body is 45 pages, and totals 99 pages with exhibits.  The allegations are confusing and unclear, making it difficult for the Court to determine what, if any, cognizable claims are included.  Although the Federal Rules employ a flexible pleading policy, Plaintiff must give fair notice to the Defendants and must allege facts that support the elements of the claim plainly and succinctly.  It is Plaintiff's duty to articulate his claims, not the Court's or the Defendants' duty to try to decipher what claims Plaintiff is asserting in the action.

The complaint alleges various issues related to child support and wage and earning

1   withholding orders, contains several legal conclusions regarding the validity of those orders, and

2   cites to a variety federal statutes and constitutional provisions.  However, it does not clearly state

3   Plaintiff's federal claims and many of Plaintiff's conclusions regarding the validity of the state

4   court orders lack factual support as to how his due process rights or other constitutional or

5   statutory rights were violated, nor in what way they are "false" or "fraudulent," aside from

6   generally averring a copy of the order did not have a valid signature, without citing to or alleging

7   that this violates any form of California law or regulation applicable to the forms.   The

8   requirement of a clear and plain statement of Plaintiff's claims is especially important in this

9   case because this Court does not serve as an appellate court of state court decisions.  If Plaintiff

10  wishes to challenge a decision from a state court regarding child support, he must pursue the

11  appropriate procedures in state court (which may be subject to time limitations and other rules).

12          Plaintiff's complaint is an example of a shotgun pleading, repeatedly incorporating all

13  preceding paragraphs by reference—which have been found to violate Rule 8.  See Weiland v.

14  Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type

15  [of shotgun pleading]—by a long shot—is a complaint containing multiple counts where each

16  count adopts the allegations of all preceding counts, causing each successive count to carry all

17  that came before and the last count to be a combination of the entire complaint."); Deerpoint

18  Grp., Inc. v. Agrigenix, LLC, 345 F. Supp. 3d 1207, 1234 n.15 (E.D. Cal. 2018) ("However,

19  incorporating literally all 143 preceding paragraphs, without specific reference to either

20  disparagement or Paragraph 81, does not give Defendants (or the Court) fair notice of the factual

21  bases of the IIPEA claim." (citing Weiland, 792 F.3d at 1321-23)).  In each of the twenty-three

22  (23) separate counts against the three Defendants, Plaintiff does not sufficiently articulate his

23  claims.  The complaint cites a variety of federal statutes and constitutional provisions, and while

24  Plaintiff separately lists each claim, each offers only a "formulaic recitation" of Plaintiff's

25  proffered cause of action.  Twombly, 550 U.S. at 555.

26          Further, to the extent that Plaintiff is alleging claims based in fraud, the pleading standard

27  of Rule 9 would apply.  Allegations of fraud of subject to the pleading requirement of Rule 9 of

28  the Federal Rules of Civil Procedure.  Rule 9 provides that "[i]n alleging fraud or mistake, a

party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requires a plaintiff to plead with "more specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal punctuation and citations omitted).

Initially, Plaintiff's allegations are insufficient to plead fraud with particularity as required under Rule 9.

> To allege fraud with particularity, a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. A plaintiff might do less and still identify the statement complained of; indeed, the plaintiff might do less and still set forth some of the circumstances of the fraud. But the plaintiff cannot do anything less and still comply with Rule 9(b)'s mandate to set forth with particularity those circumstances which constitute the fraud.

In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).

## B. Jurisdiction

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. U.S. v. Sumner, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Generally, there are two bases for subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Plaintiff alleges both federal question jurisdiction, and diversity jurisdiction.

District courts have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This requires complete diversity of citizenship and the presence "of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted). Here, Plaintiff alleges that he is a citizen of California. (Compl. 3.) Plaintiff also alleges Defendants Vista and Brubeck are

also both citizens of California.  (Id.)  Since Plaintiff and at least two of the named defendants are all alleged to be citizens of California, diversity of citizenship does not exist in this action.

Jurisdiction in this action must therefore be based on a federal question.  Pursuant to 28 U.S. C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States.  "A case 'arises under' federal law either where federal law creates the cause of action or where the vindication of a right under state law necessarily turns on some construction of federal law."  Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088 (9th Cir. 2002) (internal punctuation omitted) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983) (citations omitted)).  "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Republican Party of Guam, 277 F.3d at 1089 (citations omitted).

As to federal question jurisdiction, although the complaint cites to various federal statutes and constitutional amendments, it is not clear, for the reasons given above, which, if any, of these references are intended to allege a claim against the named Defendants and what the factual bases of those claims may be.

## C.    The Rooker-Feldman Doctrine

Under the Rooker-Feldman doctrine, a party may not seek appellate review in federal court of a decision made by a state court.  See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983).  Typically, the Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the losers' federal rights.  Doe v. Mann, 415 F.3d 1038, 1041-42 (9th Cir. 2005); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (the Rooker-Feldman doctrine precludes a district court from appellate review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the

district court proceeding commenced[.]").  Accordingly, the district court lacks jurisdiction over "claims . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling."  Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003) (citing Feldman, 460 U.S. at 483, 485); see, e.g., Moore v. County of Butte, 547 Fed. Appx. 826, 829 (9th Cir. 2013) (finding a plaintiff's claims challenging the outcome of custody proceedings were properly dismissed); Rucker v. County of Santa Clara, State of California, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (finding the plaintiff's claims were "inextricably intertwined" with the state court's rulings where the plaintiff "challenge[d] his original child support order on jurisdictional grounds, dispute[d] his total child support arrearages, and allege[d] that Santa Clara County's garnishment order against his disability benefits payments is invalid"); see also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming the district court's dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in [the plaintiff's] domestic case").

To the extent Plaintiff is asking this Court to review the child support and wage and garnishment orders issued by the state court, under the Rooker-Feldman doctrine, this Court lacks jurisdiction to review and reverse a state court's decision.  Accordingly, any claim seeking to reverse the state court orders cannot proceed in this Court.

**D.    Due Process**

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake."  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  The due process clause of the Fourteenth Amendment protects two distinct but related rights: procedural due process and substantive due process.  Albright v. Oliver, 510 U.S. 266, 272 (1994).

The substantive protections of the due process clause bar certain governmental actions regardless of the fairness of the procedures that are used to implement them.  Cty. of Sacramento v. Lewis, 523 U.S. 833, 840 (1998).  Therefore, the substantive protections of the due process clause are intended to prevent government officials from abusing their power or employing it as

1   an instrument of oppression.  Lewis, 523 U.S. at 846.  The Supreme Court has held that "the

2   substantive component of the Due Process Clause is violated by executive action only when it

3   'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.' "

4   Id. at 847.  "[O]nly the most egregious official conduct can be said to be arbitrary in a

5   constitutional sense."  Brittain v. Hansen, 451 F.3d 982, 990 (9th Cir. 2006) (quoting Lewis, 523

6   U.S. at 846).

7          "Substantive due process is ordinarily reserved for those rights that are 'fundamental.' "

8   Brittain, 451 F.3d at 990.  "The protections of substantive due process have for the most part

9   been accorded to matters relating to marriage, family, procreation, and the right to bodily

10  integrity[;] and the Supreme Court has been reluctant to expand the concept of substantive due

11  process.  Albright, 510 U.S. at 271-72.  To state a substantive due process claim, a plaintiff must

12  "show both a deprivation of [his] liberty and conscience shocking behavior by the government."

13  Brittain, 451 F.3d at 991.

14         "The requirements of procedural due process apply only to the deprivation of interests

15  encompassed by the Fourteenth Amendment's protection of liberty and property."  Bd. of

16  Regents of State Colleges v. Roth, 408 U.S. 564, 569–70 (1972).  "[P]rocedural due process

17  claims are resolved by balancing tests, where differing interests can give rise to many differing

18  procedural requirements."  Brittain, 451 F.3d at 1000.  "(D)ue process is flexible and calls for

19  such procedural protections as the particular situation demands."  Mathews v. Eldridge, 424 U.S.

20  319, 334 (1976) (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)).

21         Plaintiff asserts vague and speculative deprivation, such as the effect of child support

22  matters from his state case on employment garnishment.  There are no facts alleged by which it

23  could reasonably be inferred that Plaintiff is not receiving the process due in his state court case.

24         **E.     Equal Protection**

25         Plaintiff alleges violations of his right to equal protection.  There are two ways for a

26  plaintiff to state an equal protection claim.  A plaintiff can state a claim for violation of the Equal

27  Protection Clause, by showing "that the defendant acted with an intent or purpose to discriminate

28  against him based upon his membership in a protected class."  Serrano v. Francis, 345 F.3d 1071,

1082 (9th Cir. 2003).  Intentional in this context means that the defendant acted, at least in part, because of the plaintiff's membership in a protected class.   Serrano, 345 F.3d at 1082. Alternately, the plaintiff can state a claim by alleging that he was intentionally treated differently than similarly situated individuals and there was no rational basis for the difference in treatment. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

There are no factual allegations that Plaintiff is a member of a protected class or that any named defendant acted with the intent or purpose to discriminate against him due to his membership in that class.  Nor is there any allegation that Plaintiff was intentionally treated differently than other similarly situated individuals.  Plaintiff has failed to state a claim for violations of the Equal Protection Clause.

F.      **Fourth Amendment**

Plaintiff alleges a violation of the Fourth Amendment.  The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  U.S. Const. amend. IV.  "[T]he Fourth Amendment is enforceable against the States through the Fourteenth Amendment." Camara v. Mun. Court of City & Cty. of San Francisco, 387 U.S. 523, 528 (1967).  "To establish a viable Fourth Amendment claim, a plaintiff must show not only that there was a search and seizure as contemplated by the Fourth Amendment, but also that said search and seizure was unreasonable and conducted without consent."   Rakas v. Illinois, 439 U.S. 128, 143 (1978); United States v. Rubio, 727 F.2d 786, 796–97 (9th Cir. 1983).

There are no allegations in the complaint that Plaintiff was seized or that there was a search such to implicate the Fourth Amendment.  Plaintiff has failed to state a claim for violation of the Fourth Amendment.

G.      **Title 18 of the United States Code**

Plaintiff also alleges violations, among other statutes, of 18 U.S.C. §§ 242, and 245. "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person."  Touche Ross & Co.

1  v. Redington, 442 U.S. 560, 568 (1979) (quoting Cannon v. University of Chicago, 441 U.S.

2  677, 688 (1979).  Rather, the court is to consider if Congress intended to create the private right

3  of action in the statute and begins with the language of the statute itself.  Touche Ross & Co.,

4  442 U.S. at 568.  "Civil causes of action ... do not generally lie under the criminal statutes

5  contained in Title 18 of the United States Code."  Del Elmer; Zachay v. Metzger, 967 F. Supp.

6  398, 403 (S.D. Cal. 1997).

7      Here, the sections cited under Title 18 provide for fines and incarceration for criminal

8  offenses and do not set forth a private cause of action nor is there any language that would imply

9  that a cause of action exists to allow Plaintiff to seek a remedy for these criminal statutes in this

10  action.

11      **H.      Judicial Immunity**

12      Absolute judicial immunity is afforded to judges for acts performed by the judge that

13  relate to the judicial process.  In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended

14  (Sept. 6, 2002).  "This immunity reflects the long-standing 'general principle of the highest

15  importance to the proper administration of justice that a judicial officer, in exercising the

16  authority vested in him, shall be free to act upon his own convictions, without apprehension of

17  personal consequences to himself.' "  Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th

18  Cir. 2004) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1871)).  This judicial immunity

19  insulates judges from suits brought under section 1983.  Olsen, 363 F.3d at 923.

20      Absolute judicial immunity insulates the judge from actions for damages due to judicial

21  acts taken within the jurisdiction of the judge's court.  Ashelman v. Pope, 793 F.2d 1072, 1075

22  (9th Cir. 1986).  "Judicial immunity applies 'however erroneous the act may have been, and

23  however injurious in its consequences it may have proved to the plaintiff.' "  Id. (quoting

24  Cleavinger v. Saxner, 474 U.S. 193 (1985)).  However, a judge is not immune where he acts in

25  the clear absence of jurisdiction or for acts that are not judicial in nature.  Ashelman, 793 F.2d at

26  1075.  Judicial conduct falls within "clear absence of all jurisdiction," where the judge "acted

27  with clear lack of all subject matter jurisdiction."  Stone v. Baum, 409 F.Supp.2d 1164, 1174 (D.

28  Ariz. 2005).

To determine if an act is judicial in nature, the court considers whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.  Duvall v. Cty. of Kitsap, 260 F.3d 1124, 1133 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001) (quoting Meek v. County of Riverside, 183 F.3d 962, 967 (9th Cir. 1999)).

Here, it appears Plaintiff is bringing suit against judicial officers for actions taken in their judicial capacities over which they have jurisdiction.

## I.      Intentional Infliction of Emotional Distress and Negligence

Plaintiff avers to state law claims of intentional infliction of emotional distress and negligence.

The elements for a claim of intentional infliction of emotional distress under California law are: "(1) outrageous conduct by the defendant, (2) intention to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress."   Wong v. Tai Jing, 189 Cal.App.4th 1354, 1376 (2010) (quoting Agarwal v. Johnson, 25 Cal.3d 932, 946 (1979)).  Conduct is "outrageous if it is 'so extreme as to exceed all bounds of that usually tolerated in a civilized community.' "  Simo v. Union of NeedleTrades, Industrial & Textile Employees, 322 F.3d 602, 622 (9th Cir. 2002) (quoting Saridakis v. United Airlines, 166 F.3d 1272, 1278 (9th Cir. 1999)).  The emotional distress must be "of such a substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it."  Simo, 322 F.3d at 622.

Given the legal standards and facts discussed above, Plaintiff has not stated sufficient facts pertaining to any named Defendant or unnamed individual that would rise to the level of intentional infliction of emotional distress.  Even if Plaintiff was able to demonstrate intentional infliction of emotional distress, the Court would also decline to exercise supplemental jurisdiction over such state claim because Plaintiff failed to state a separate cognizable federal claim, as explained above.  See Ward v. Webber, No. 118CV00916SABPC, 2018 WL 3615853, at *3 (E.D. Cal. July 26, 2018) ("Because Plaintiff fails to state a cognizable federal claim, the

Court will not exercise supplemental jurisdiction over his state law [slander] claim, even if he cures the deficiencies and states a claim.") (citing 28 U.S.C. § 1367(a); <u>Herman Family Revocable Trust v. Teddy Bear</u>, 254 F.3d 802, 805 (9th Cir. 2001)).

**IV.**

**CONCLUSION AND ORDER**

Plaintiff has failed to state a cognizable claim for a violation of his federal rights in this action.  Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order.  <u>See Lopez</u>, 203 F.3d at 1127.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

///

///

///

///

///

///

///

///

///

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order;

3. The first amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim.</u>

IT IS SO ORDERED.

Dated: **February 18, 2022**

UNITED STATES MAGISTRATE JUDGE

16